FILED
UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

APR 30 2008

MATTHEW J. DYKMAN
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE ANN WOLSKI,

    Plaintiff,

v.                              CIVIL NO. 08-333 MV/DJS

SANDRA O'CONNER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is a *pro se* action brought upon a complaint form intended for suits pursuant to 42 U.S.C. §1983. Plaintiff has sought *in forma pauperis* status and the Court conducted a *sua sponte* review of the complaint pursuant to 28 U.S.C. §1915(e)(2).

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B) if the Court determines that the action is frivolous or malicious or that the action fails to state a claim upon which relief may be granted. The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a *pro se* Plaintiff's complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is at the same time mindful that the plaintiff's complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff asserts that Defendant, who is her grandmother, Sandra O'Conner, has threatened her with death, held people hostage in Plaintiff's name, posed as retired Supreme Court Justice Sandra Day O'Conner, changed Plaintiff's name without her consent, filed lawsuits in her name, kills in her name, and has taped every day of Plaintiff's life. For relief, Plaintiff requests that Defendant be sentenced to death or to life in a federal prison.

Reviewing the complaint as a whole, no action by any government official is alleged. To establish a cause of action under §1983, a plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The complaint does not allege any action under color of law and the Court cannot construe such an allegation. Further, the relief sought is not available in a civil action and Plaintiff's allegations are more properly a matter for criminal investigation by the appropriate authorities.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE